UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERESA GRAU PRESNELL,<br>Plaintiff, | Case No. 1:15-cv-779<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| MEGAN BRENNAN, POSTMASTER<br>GENERAL, UNITED STATES<br>POSTAL SERVICE,<br>Defendant. | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on a motion for summary judgment under Fed. R. Civ. P. 56 filed by defendant Megan Brennan, Postmaster General, United States Postal Service (USPS) (Doc. 25) and defendant's proposed undisputed facts in support of her motion (Doc. 26). Plaintiff Teresa Grau Presnell has filed a response in opposition to the motion for summary judgment. (Doc. 33).

## I. Introduction

Plaintiff, proceeding pro se, filed the complaint in this action on December 15, 2015. (Doc. 3). Plaintiff brings claims of discrimination based on her race (Caucasian) and sex (female) and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended (Title VII). Plaintiff, a current employee of the USPS who has been employed by the agency at all relevant times, brings claims arising out of two employment actions: (1) a change of employment status to "Emergency Placement, off-duty status" on September 19, 2011, and (2) issuance of a "Notice of Removal for Improper Conduct" on October 15, 2011. (*Id.*).

Plaintiff alleges her union filed a grievance on her behalf with regard to the emergency placement and removal, which was denied at step 1 and step 2. (*Id.*, ¶ 37). Plaintiff alleges she filed an EEO (Equal Employment Opportunity) complaint of discrimination with the USPS on or

about December 29, 2011; an investigation ensued and a hearing was held at plaintiff's request before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC) on or about May 14, 2013; the AJ issued a decision on or about July 15, 2013, finding that the USPS did not discriminate against plaintiff on the bases of race, sex and retaliation; the USPS issued a Notice of Final Action affirming the AJ's decision on or about July 26, 2013; and plaintiff submitted her Notice of Appeal to the EEOC on August 22, 2013.[1] (*Id.*, ¶¶ 4-12). Plaintiff has attached to her complaint the EEOC's decision dated September 10, 2015, affirming the final order of the USPS and finding that plaintiff "was not subjected to discrimination or reprisal as alleged." (Doc. 3-1, p. 4).

The substantive factual allegations of the complaint appear to be findings taken directly from the administrative record. (*See* Doc. 3, ¶¶ 38, 39). Plaintiff alleges she has suffered damages resulting from defendant's alleged Title VII violations consisting of lost wages, overtime, and employment benefits and other unspecified damages. (*Id.*, p. 8). As relief, she seeks to enjoin defendant from future acts of discrimination, to recover lost wages and employment benefits with interest, and to be awarded attorney fees and costs. (*Id.*, ¶ 40).

## II. Motion for summary judgment

Defendant moves for summary judgment on plaintiff's claims on the sole ground that plaintiff is barred from seeking relief under Title VII because she voluntarily settled her claims in her grievance proceedings. (Doc. 25). Defendant alleges that plaintiff sought the same relief in the grievance proceedings and in the EEO complaint that she now requests in this lawsuit. (*Id.*

---

[1] Plaintiff's allegations relate to the steps a federal employee must take to exhaust her administrative remedies as a precondition to filing a Title VII lawsuit, which are: consult with an Equal Employment Opportunity (EEO) counselor within 45 days of the allegedly discriminatory incident, 29 C.F.R. § 1614.105(a)(1); file an individual complaint of discrimination with the agency, 29 C.F.R. § 1614.106(a); and receive a final agency decision, 29 C.F.R. § 1614.110(a). *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citations omitted).

2

at 4-5, citing Exh. 3, Grievance Resolution; Exh. 6, Grievance Summary; Exh. 5, EEO Complaint; Doc. 3, Complaint, p. 29). Defendant asserts that plaintiff requested reinstatement to full duty, back pay, and to "be made whole" in her grievance proceeding (*Id.*, Exh. 6); she requested pre-judgment and post-judgment interest, lost wages, benefits and overtime, and for her Thrift Savings Plan to be restored in her EEO complaint, all of which defendant alleges consist of requests for back pay and compensatory damages (Doc. 25, Exh. 5); and she requests back pay and compensatory damages in the form of lost wages and employment benefits with interest in her complaint (Doc. 3).[2] (*Id.* at 5). Defendant argues that plaintiff's voluntarily settlement of her grievance, in which she allegedly requested the same damages - back pay and compensatory damages - as she requested in the EEO complaint and in this lawsuit, precludes her from seeking further relief in this Court. (*Id.* at 4, citing cases).

Plaintiff has responded to the motion for summary judgment by indicating whether she admits or denies defendant's Proposed Undisputed Facts and setting forth additional disputed findings. (Doc. 33).

**A. Undisputed facts**

Plaintiff is a current employee of the USPS. (Doc. 26, FOF No. 1).[3] On September 19, 2011, plaintiff held the position of parcel post machine operator. (*Id.*, FOF No. 2). On that date, plaintiff's supervisor Shawna Whigham-Peoples, an African-American female, concluded after observing plaintiff and investigating her observations that plaintiff had improperly opened a piece of mail containing two bottles of medication. (*Id.*, FOF No. 7). Plaintiff denied that she

---

[2] Defendant asserts that plaintiff did not request reinstatement in her complaint because she was reinstated when she settled her grievance.

[3] Defendant's Proposed Undisputed Facts in Doc. 26 will be referred to as FOF No. _. The Court has accepted as undisputed those Proposed Undisputed Facts plaintiff has marked as "Admitted" in her response to the motion for summary judgment. (*See* Doc. 33).

3

had engaged in any improper conduct and claimed to be gathering pills from an already opened package. (*Id.*, FOF No. 8). Peoples concluded that the motions she had observed were not consistent with cleaning up pills. (*Id.*, FOF Nos. 9, 11; Doc. 25, Exh. 2, Notice of Removal, p. 3). Peoples placed plaintiff into Emergency Placement and sent her home. (Doc. 25, Exh. 1, "Emergency Placement in Off-Duty Status" notice; Doc. 26, FOF No. 12). On October 15, 2011, Peoples issued a "Notice of Removal for Improper Conduct," notifying plaintiff that her employment with USPS would end on November 20, 2011. (Doc. 25, Exh. 2, "Removal" notice; Doc. 26, FOF No. 14).

Plaintiff filed a grievance following the incident, claiming that the "discipline request of Removal is punitive and not corrective in nature." (Doc. 25, Exh. 6, Grievance Summary-Step 1). She requested that the USPS "[i]mmediately reinstate [her] to full duty, including full back pay for the entire time she was on Emergency Placement and Removal" and to "be made whole." (*Id.*). The parties settled the grievance on February 27, 2013. (Doc. 26, FOF No. 15). In return for settling her grievance, plaintiff agreed to the following terms, among others: (1) the Notice of Removal dated October 15, 2011, and the Emergency Placement dated September 19, 2011 would be reduced to a long-term suspension; (2) plaintiff would not be entitled to back pay and her suspension would be considered as served; (3) repayment of plaintiff's FEHB (Federal Employee Health Benefits) insurance premiums during the time she was off work was waived; and (4) plaintiff would return to duty on March 9, 2013. (Doc. 25, Exh. 3, Grievance Resolution; Doc. 26, FOF No. 17). The parties agreed, and plaintiff expressly stated she understood, that "the instant agreement is in full and complete settlement of all outstanding grievances related to this matter. It is further stipulated that this settlement/agreement was made without any threat, coercion, intimidation, promise or inducement." (Doc. 25, Exh. 3, p. 2; Doc. 26, FOF No. 18).

4

Prior to settling her grievance, plaintiff had filed an EEO complaint on December 22, 2011, which she continued to pursue following the settlement of her grievance. (Doc. 26, FOF No. 19; Doc. 25, Exh. 5, EEO Complaint). In her EEO complaint, plaintiff requested the following relief: expungement of discipline; an apology and EEO training for "RMOs"; prejudgment and post-judgment interest; lost wages, benefits and overtime; restoration of "thrift savings"; and compensatory damages. (Doc. 26, FOF No. 33). A hearing on the EEO complaint was held before an AJ on May 14, 2013. (Doc. 25, Exh. 4, EEO Partial Hearing Transcript; Doc. 26, FOF No. 20). Plaintiff acknowledged at the EEO hearing that she had signed the Grievance Resolution and had waived any entitlement to back pay. (Doc. 25, Exh. 4, pp. 156-58; Doc. 26, FOF No. 21). On July 15, 2013, the EEOC entered its "Decision and Order Entering Judgment," finding that plaintiff had failed to demonstrate the alleged discrimination based on race or sex, or that the decision to remove her from the workplace was in retaliation for her request for the EEO office telephone number when Peoples told plaintiff she "was being placed out of the building" on the day of the incident. (Doc. 25, Exh. 7, EEOC Decision and Judgment, pp. 12-13; Doc. 26, FOF Nos. 22, 28).

Plaintiff appealed to the EEOC following the AJ's decision denying relief. (Doc. 25, Exh. 8, Notice of Appeal; Doc. 26, FOF No. 29). The EEOC denied plaintiff's appeal on September 10, 2015. (Doc. 25, Exh. 9, EEOC Appeal Decision; Doc. 26, FOF No. 30). Plaintiff was advised she had the right to sue in federal court, and she initiated this action. (*Id.*, No. 31).

**B. Standard of review**

Summary judgment is properly granted under Fed. R. Civ. P. 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light

5

most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013). To defeat an otherwise properly supported motion for summary judgment, there must be a genuine issue of material fact underlying the parties' dispute. *Babcock & Wilcox Co. v. Cormetech, Inc.*, 848 F.3d 754, 758 (6th Cir. 2017). A dispute is "genuine" only if it is based on evidence that a reasonable jury could rely upon to return a verdict in favor of the non-moving party. *Id.* (citing *Smith*, 708 F.3d at 825). The non-movant cannot avoid summary judgment by producing a "mere scintilla" of evidence or creating "some metaphysical doubt" as to a material fact. *Id.* (citing *Sierra Club v. ICG Hazard, LLC*, 781 F.3d 281, 284 (6th Cir. 2015). "A factual dispute concerns a 'material' fact only if its resolution might affect the outcome of the suit under the governing substantive law." *Id.* (quoting *Crouch v. Honeywell Int'l, Inc.*, 720 F.3d 333, 338 (6th Cir. 2013)).

### III. Resolution

Defendant moves for summary judgment on the sole ground plaintiff is barred by the settlement of her grievance from seeking the relief she requests in this lawsuit. (Doc. 25). Defendant alleges that because plaintiff sought the same relief in her grievance that she sought in her EEO complaint and in her complaint filed in this case, the settlement of her grievance precludes her from pursuing her discrimination and retaliation claims in this Court.

Defendant relies on three cases to argue that the grievance settlement bars plaintiff from pursuing her claims in this Court: *Morris v. Alcan Foil Products, Div. Alcan Aluminum Corp.*, 99 F.3d 1139 (table), 1996 WL 614353 (6th Cir. Oct. 23, 1996); *Anderson v. Frank*, 755 F. Supp. 187, 189 (E.D. Mich. Feb. 5, 1991); and *Strozier v. Gen'l Motors Corp.*, 635 F.2d 424 (5th Cir. 1981). In *Anderson*, the plaintiff challenged her removal from employment through the EEOC

6

and grievance and arbitration procedures of the parties' collective bargaining agreement and sought identical relief - reinstatement and back pay - in both the EEOC and grievance and arbitration proceedings. *Anderson*, 755 F. Supp. at 188-89. The parties settled the plaintiff's grievance, and the USPS subsequently issued its final agency decision denying the plaintiff's administrative claim of "sex and reprisal discrimination." *Id*. at 189. The Court concluded that because the plaintiff had accepted the benefits of the settlement agreement and sought "identical relief in her grievance and in her district court complaint," she was precluded from pursuing any further relief on her sex and reprisal claims in federal court. *Id*. In reaching its decision, the Court relied on the Fifth Circuit's holding in *Strozier* that "a voluntary settlement of a grievance claim bars any further proceedings in the district court on the same claim if the request for relief in both the grievance procedure and district court proceeding are identical." *Id*. (citing *Strozier*, 635 F.2d 424).

The Sixth Circuit cited *Anderson* with approval in *Morris*, 1996 WL 614353. In *Morris*, the plaintiff had settled grievances filed under the parties' collective bargaining agreement that accused the defendant of harassment, discrimination and "continuing unfairness" in retaliation for seeking workers compensation benefits and asking to be "made whole for 'unjust termination.'" *Id*., at *2. The Court held that the plaintiff was barred from pursuing claims in federal court alleging that her employer wrongfully discharged her, violated public policy by discriminating against her for pursuing workers compensation claims, and violated a state statute by discriminating against her for pursuing those claims. *Id*. The Sixth Circuit affirmed the District Court's decision that "the disputed and unliquidated claims," which were identical to those presented in the grievances, "had been conclusively settled and were therefore barred"

7

under the doctrine of accord and satisfaction.[4] *Id.*, at *1, 2 (citing *U.S. v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 859 (5th Cir. 1975) ("holding that employee who freely settles an unliquidated demand with employer may not sue the same employer at a later date on the same cause of action"); *Anderson*, 755 F. Supp. at 189 ("holding that a voluntary settlement of a grievance claim bars any further proceedings in the district court on the same claim if the request for relief in both cases is the same") (citing *Strozier*, 635 F.2d 424) ("holding that employee's acceptance of settlement with respect to his claims of discrimination barred his lawsuit under civil-rights statutes")).

The Court reached a different result on the issue of whether a grievance settlement barred the plaintiff from pursuing her claims in federal court in *White v. Michigan Dept. of Corrections*, No. 1:09-cv-188, 2010 WL 3720210 (W.D. Mich. Sept. 17, 2010). The Court in *White* found that the facts of the case before it were similar to those in *Morris* in one respect: the plaintiff's wrongful termination claim was settled as part of the union grievance process. *Id.*, at *7. However, the Court found *Morris* to be distinguishable on the facts from the case before it in two material respects. First, unlike the grievance in *Morris*, the plaintiff's union grievance in *White* did not involve a discrimination claim. *Id.*, at *7. Instead, the plaintiff's grievance in *White* involved a contractual issue: whether the plaintiff "should have been discharged for violation of a specific work rule." *Id*. Second, unlike the plaintiff in *White*, the plaintiff in *Morris* did not allege discrimination under Title VII in the subsequently filed federal lawsuit. *Id*.

Given these distinctions, the Court in *White* looked to the United States Supreme Court's decision in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974) for "guidance with respect to

---

[4] The Court explained the state law principle of accord and satisfaction as follows: "As a general rule, if a claim is unliquidated and disputed, the acceptance of a check employing words that indicate that the check is considered full payment of the debt, shows acquiescence in the amount offered and constitutes accord and satisfaction." *Id.*, at *1.

8

whether plaintiff could waive his Title VII claim as part of the settlement of a grievance brought pursuant to a collective bargaining agreement." *Id*. The issue in *Alexander* was whether a plaintiff was barred from suing his employer under Title VII after he had pursued a grievance to final arbitration under the nondiscrimination clause of a collective bargaining agreement. *Id*. (citing *Alexander*, 415 U.S. at 43). The Supreme Court found that the plaintiff did not waive his Title VII claim by pursuing his contractual remedy in arbitration. *Id*. (citing *Alexander*, 415 U.S. at 47). The Supreme Court reasoned that a contractual right sought to be vindicated under a collective bargaining agreement and a statutory right accorded under Title VII are of a "distinctly separate nature" such that one right "is not vitiated merely because both were violated as a result of the same factual occurrence." *Id*. (quoting *Alexander*, 415 U.S. at 49-51). The Supreme Court acknowledged that "presumably an employee may waive his cause of action under Title VII as part of a voluntary settlement," but the Court found that the parties before it "did not enter into a voluntary settlement expressly conditioned on a waiver of [the plaintiff's] cause of action under Title VII." *Id*., at *8 (quoting *Alexander*, 415 U.S. at 52 and n. 15).

The Court in *White* concluded that the plaintiff did not raise a discrimination claim in his union grievance and the settlement of his wrongful discharge claim arising from a work rule violation did not "settle, waive or otherwise address" his right to bring a Title VII race discrimination claim. *Id*. Therefore, the plaintiff's Title VII claim was not barred under the Sixth Circuit's analysis in *Morris* and neither was it "waived by the settlement agreement as contemplated by *Alexander*." *Id*.

The Court finds the Court's reasoning in *White* to be persuasive and applicable here based on the record before the Court on summary judgment. Assuming, *arguendo*, for summary judgment purposes that plaintiff sought the same relief in the grievance proceeding that she

9

requests in this lawsuit, this does not suffice to bar plaintiff from pursuing her claims in this Court. The grievance settlement does not preclude plaintiff from pursuing her claims in federal court unless she brought the same claims or same causes of action in the grievance proceeding that she presents in this lawsuit. *See Morris*, 1996 WL 614353, at *2 (citing *Allegheny-Ludlum Indus., Inc.*, 517 F.2d at 859) (employee who settles grievance may not later sue same employer "*on the same cause of action*") (emphasis added); *Anderson*, 755 F. Supp. at 189 (grievance settlement bars later district court suit "*on the same claim*" if same relief is requested) (emphasis added); *Strozier*, 635 F.2d 424 (settlement of discrimination claims barred lawsuit under civil rights statutes)). Defendant does not allege that plaintiff's claims in this lawsuit are identical to those she raised in the grievance proceeding, and there is no evidence in the record showing that plaintiff brought the same claims in each venue.

According to the Grievance Summary, plaintiff claimed in the grievance proceedings that the "discipline request of Removal is punitive and not corrective in nature." (Doc. 25, Exh. 6, Grievance Summary-Step 1). She requested that the USPS "[i]mmediately reinstate [her] to full duty, including full back pay for the entire time she was on Emergency Placement and Removal" and to "be made whole." (*Id.*). Neither the Grievance Summary nor the Grievance Resolution (*Id.*, Exh. 3) references discrimination claims or retaliation, in contrast to the complaint filed in this lawsuit which alleges race and sex discrimination and retaliation under Title VII. (*See* Doc. 3). Because there is no evidence that plaintiff has presented "the same claim" or "the same clause of action" in both the grievance proceeding and in her subsequent lawsuit, the reasoning of *Morris* does not apply here to bar plaintiff from pursuing her discrimination and retaliation claims brought under Title VII. *See White*, 2010 WL 3720210, at *5-7; *Morris*, 1996 WL 614353, at *2.

10

Further, there is no evidence that plaintiff waived her Title VII claims "by the settlement agreement as contemplated by *Alexander*." *White*, 2010 WL 3720210, at *8. Plaintiff acknowledged by entering into the grievance settlement that it was "in full and complete settlement of all outstanding grievances related to this matter." (Doc. 25, Exh. 3, p. 2). The settlement agreement did not state that it was in settlement of any matters or claims other than those presented in the grievance, and plaintiff did not acknowledge under the terms of the settlement agreement that she was waiving the right to bring a Title VII or other discrimination claim, or to file a lawsuit, based on the same facts leading to the filing of the grievance. Because the undisputed facts show that plaintiff did not "settle, waive or otherwise address" her right to bring Title VII discrimination or retaliation claims by settling her grievance, plaintiff's Title VII discrimination and retaliation claims alleged in this lawsuit are not barred under the Supreme Court's reasoning in *Alexander*. *White*, 2010 WL 3720210, at *8.

Thus, defendant has not produced evidence to show that plaintiff is barred by the settlement of her union grievance from pursuing discrimination and retaliation claims brought under Title VII in federal court. Defendant is not entitled to summary judgment on this ground.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion for summary judgment (Doc. 25) be **DENIED**.

Date: 10/3/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERESA GRAU PRESNELL,<br>Plaintiff, | Case No. 1:15-cv-779<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| MEGAN BRENNAN, POSTMASTER<br>GENERAL, UNITED STATES<br>POSTAL SERVICE,<br>Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

12